FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 NOV -7  P 3: 37

CLERK'S OFFICE
AT BALTIMORE

Y_____DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
BENSON EVERETT LEGG
Chief Judge

101 West Lombard Street
Baltimore, Maryland 21201
(410) 962-0723

November 4, 2003

MEMORANDUM TO COUNSEL RE:   Patricia J. Hollman v. Baxter International, et al.,
Civil No. L-00-0527

Dear Counsel:

Because this case was recently transferred from the Eastern District of Pennsylvania, it is not clear whether or to what extent discovery has progressed. Accordingly, within two weeks from the date of this Order, the parties shall submit a joint status report. Unless the parties are more than 60 miles apart, they must meet face-to-face to devise their report. The status report shall address the following: (i) whether interrogatories have been asked and answered; (ii) whether the parties have issued requests for admissions, and whether those requests have been answered; (iii) whether there are outstanding discovery disputes; and (iv) what depositions have been taken, and what depositions remain to be taken. In addition, enclosed you will find a form planning meeting and scheduling conference order. The parties should use this form as a basis for submitting their joint status report.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

Very truly yours,

B. Legg

Benson Everett Legg

c:   Court file

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**XX**

v.                                              Civil Case No. L-0#-####

**YY**

<u>Order for Rule 26(f) Planning Meeting</u>
<u>and</u>
<u>Rule 16(b) Scheduling Conference</u>

At _____ on ___(3 weeks form issuance of this order)__, 200__, the Court will hold a Rule 16(b) pretrial scheduling conference. The conference will be held in Courtroom 7A.

Before the conference, Counsel shall hold a Rule 26(f) planning meeting. Unless Counsel are more than 60 miles apart, they must meet face-to-face. On or before ___(1 week prior to conference) _____, Counsel shall submit a joint proposed discovery plan, which will address the following:

(i)    exchange of documents. Specifically, the parties shall determine (i) what categories of documents they will exchange and (ii) a timeline for doing so;

(ii)   interrogatories. Specifically, the parties shall determine (i) how many interrogatories will be allowed, (ii) when they will be submitted to the other side, and (iii) when they will be answered;

depositions. Specifically, (i) who will be deposed, (ii) how many hours will be allowed, and (iii) when the depositions will occur;

a deadline for Rule 26(a)(1) disclosures, or whether the parties would prefer to dispense with these disclosures;

(v)   a deadline for Rule 26(e)(2) supplementation of disclosures and responses;

(vi)  a deadline for moving for joinder of additional parties and amendments of pleadings;

experts. Specifically, (i) the types and number of experts the parties expect to use, (ii) when expert reports will be exchanged and (iii) when experts will be deposed;

(viii) a deadline for the close of discovery and the submission of a status report;

a deadline for requests for admissions;

(x)   whether the parties wish to appear before a United States Magistrate Judge for a

       settlement conference, and if so, at what point in the litigation;

(xi)    whether the parties will consent to a trial before a United States Magistrate Judge;

       whether dispositive motions are anticipated, and if so, what arguments will be raised and by when they must be filed;

       a brief description (no more than two pages per side) of the case, including all claims and defenses; and

       whether Counsel wish the Court to set a trial date now or whether the date should be set after dispositive motions are decided. Also, Counsel shall set forth the expected length of trial and whether a jury will be requested.

The status report, to be filed on the date that discovery is scheduled to end, should cover the following issues:

(i)    whether discovery has been completed;

(ii)    whether any motions are pending;

(iii)    whether any party intends to file a dispositive pretrial motion;

(iv)    whether the case is to be tried by jury or non-jury and the anticipated length of trial;

(v)    a certification that the parties have met to conduct serious settlement negotiations, and the date, time and place of the meeting and the names of all persons who participated;

(vi)    whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive motion;

(vii)    whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a United States Magistrate Judge conduct any further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment; and

       any other matter which Counsel believe should be brought to the Court's attention.

To the extent that any issues to be addressed in the status report overlap with the issues to be addressed in the joint proposed discovery plan, Counsel should address them in both documents.

Attached, the parties will find a draft copy of a form scheduling order. At the scheduling conference, Counsel should be prepared to discuss any other issues that are addressed in the form scheduling order.

In most cases, the Court will allow between four and six months for discovery.

Although the Court will resolve any disputed items, the Court expects Counsel to have resolved most, if not all, issues prior to the conference.

**<u>Courtesy copies of any motions or other papers filed with the Clerk should not be provided to chambers without permission of the Court.</u>**

***<u>NO FAXES FOR ANY REASON WILL BE ACCEPTED</u>***.

Once the case is closed, the chambers file will be discarded. It is important, therefore, that counsel file in the Office of the Clerk all letters and other documents that they wish to be included as part of the official court file.

**EXCEPT IN EXCEPTIONAL CIRCUMSTANCES, COUNSEL SHOULD COMMUNICATE WITH MY CHAMBERS IN WRITING RATHER THAN BY TELEPHONE.**

It is so ORDERED this _____ day of _____, 200_

_____
Benson Everett Legg
Chief Judge